UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In re

ARMANDO E. HERRERA,

          Petitioner.

No. 2:14-cv-02939 AC P

ORDER

        On October 27, 2014, petitioner, a state prisoner at California Health Care Facility, filed a pro se letter in the United States District Court for the Northern District of California in which he appears to allege due process violations related to his parole board hearings. ECF. No. 1. The same day, the Clerk for the Northern District sent petitioner a blank form for filing a petition for writ of habeas corpus and notified petitioner that he was required to submit a completed petition within twenty-eight days or his action would be dismissed. ECF. No. 2. On November 14, 2014, petitioner filed a request for an extension of time and appointment of counsel. ECF. No. 6. The request appears to seek an extension of the twenty-eight day deadline set by the Clerk. Petitioner then filed a motion for leave to proceed in forma pauperis that included a certified prisoner trust account statement. ECF. Nos. 9, 11. On December 17, 2014, the Northern District ordered this case transferred to the Eastern District of California. ECF. No. 12.

        This court has reviewed petitioner's letter and construes it as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has failed to specify the grounds for relief, see

1

Rule 2(a), Rules Governing § 2254 Cases, or address the exhaustion of his state court remedies in his petition, 28 U.S.C. § 2254(b)(1).  Petitioner's application for writ of habeas corpus is dismissed with leave to file an amended petition thirty days from the date of this order and petitioner's motion for extension of time, ECF. No. 6, is denied as moot.  The Clerk will be directed to send petitioner a copy of this court's form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In his motion for extension of time, petitioner also requests the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Examination of the motion for leave to proceed in forma pauperis and certified trust statement reveals petitioner is unable to afford the costs of this action.  Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The letter filed on October 27, 2014, ECF No. 1, is construed as a petition for writ of habeas corpus.  The Clerk of the Court is directed to amend the docket accordingly;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition";

4. Petitioner's motion for extension, ECF. No. 6, is denied as moot;

5. Petitioner's November 14, 2014 request for appointment of counsel, ECF. No. 6, is denied without prejudice to a renewal of the motion at a later stage of the proceedings;

6. Petitioner's motion to proceed in forma pauperis, ECF. No. 9, is granted; and

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

7. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

DATED: February 2, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE