UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO E. HERRERA,<br><br>  Petitioner,<br><br>  v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>  Respondent. | No. 2:14-cv-2939 KJM AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the court are petitioner's request for preliminary injunction or temporary restraining order (ECF No. 38), third request for an extension of time to file a response to respondent's motion to dismiss (ECF No. 42), and request for counsel (id.).

I.     Request for Temporary Restraining Order

Petitioner has filed a request for a temporary restraining order in which he alleges that he is being harassed by officers in retaliation for initiating this action. ECF No. 38. Specifically, he claims that officers are threatening to transfer him to a prison where his enemies are located once the instant case has concluded, and that they are confiscating his "diet drinks" that were prescribed by medical staff. Id.

////

1

1    Petitioner has already been advised that claims concerning the conditions of his
2    confinement and violations of his constitutional rights are properly raised in a civil rights
3    complaint filed pursuant to 42 U.S.C. § 1983, which provides a remedy for violations of civil
4    rights by state actors. ECF No. 37. A habeas corpus petition is the correct method for a prisoner
5    to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th
6    Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); 28 U.S.C. § 2254.
7    "[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a
8    prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334
9    F.3d 850, 859 (9th Cir. 2003). Petitioner's claims regarding officer conduct are not properly
10   before the court in a habeas action and if he seeks to pursue these claims, he must bring them in a
11   civil rights action after he has exhausted his available administrative remedies.

12   Even if petitioner's request for a temporary restraining order were appropriate in this
13   action, his request should still be denied. The standard for issuing a temporary restraining order
14   is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v.
15   John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for
16   temporary restraining orders and preliminary injunctions is "substantially identical"). The
17   moving party must demonstrate that (1) it is likely to succeed on the merits; (2) it is likely to
18   suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its
19   favor; and (4) that the relief sought is in the public interest. Winter v. Natural Res. Def. Council,
20   Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit has held that injunctive relief may issue, even if
21   the moving party cannot show a likelihood of success on the merits, if "'serious questions going
22   to the merits' and a balance of hardships that tips sharply towards the plaintiff can support
23   issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood
24   of irreparable injury and that the injunction is in the public interest." Alliance for the Wild
25   Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the
26   principles, preliminary injunctive relief should be denied if the probability of success on the
27   merits is low. Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir.
28   1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be

shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).  Petitioner has failed to demonstrate that he has a fair chance of success on the merits, which bars relief under either version of the test and his request for a temporary restraining order should therefore be denied.

II.     Request for Extension

Respondent's motion to dismiss the petition was filed on August 7, 2015.  ECF No. 29.  On August 18, 2015, petitioner filed a motion to extend his deadline to respond by an unspecified amount of time.  ECF No. 30.  The motion was granted on September 9, 2015, and petitioner was given thirty days from the date of the order to file his response.  ECF No. 33.  On September 20, 2015, petitioner filed a second motion for extension, this time requesting that his deadline be extended by ninety days.  ECF No. 34.  The request was granted and petitioner was given until January 7, 2016, to file his response to the motion to dismiss.  ECF No. 35.  In granting the motion, petitioner was advised that no further extensions would be granted absent a showing of extraordinary cause.  ECF No. 35.  Petitioner has now filed a third motion seeking an extension of unspecified length.  ECF No. 42.

In his motion, petitioner states that he broke his right leg on January 3, 2016, and has been told that he will require surgery to put a screw in his hip and leg.  Id. at 1.  He asks that he be given an extension "until [he] get[s] well again."  Id.  While the court is sympathetic to petitioner's injury, the injury occurred only four days before his deadline to file a response and petitioner offers no explanation as to what has prevented him from completing his response during the time he was given with the previous two extensions.  Id.  Petitioner has failed to show extraordinary cause warranting another extension of his deadline and the motion for extension will be denied.  Respondent's motion to dismiss is deemed submitted and will be considered by the court in due course.

III.    Request for Appointment of Counsel

Petitioner also requests that he be appointed counsel because he "is uneducated in legal procedures, and is unable to proceed alone."  ECF No. 42.  With respect to petitioner's request for

counsel, there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). While 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require," Rule 8(c), Fed. R. Governing § 2254 Cases, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations," Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted).

Petitioner alleges only that he is uneducated in legal procedures and is therefore unable to proceed without assistance. ECF No. 42 at 2. However, not having a legal education is a difficulty faced by many prisoners. To the extent that petitioner has previously alleged that he is a mental health patient and handicapped (ECF Nos. 30, 34), he has not demonstrated how these conditions warrant appointment of counsel. Petitioner's filings also show that he has been able to secure the assistance of other inmates in pursing this action and he is therefore not without assistance. Finally, respondent's motion to dismiss does not raise issues of such complexity that appointment of counsel is warranted at this stage of the case. For these reasons, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

IV.   Summary

The undersigned is recommending that petitioner's request for a temporary restraining order be denied because petitioner is complaining about the conditions of his confinement and these issues need to be filed in a separate civil rights complaint. The claims are not proper in this case because they do not have anything to do with the length or legality of petitioner's sentence. The request should also be denied because petitioner has not shown that he has a fair chance of succeeding on his habeas petition.

Petitioner's request for an extension of time to respond to respondent's motion to dismiss is denied because petitioner has had about five months to respond to the motion to dismiss and has not explained why he was not able to complete his response during that time.

////

Petitioner's motion for appointment of counsel is denied because the challenges faced by petitioner are not uncommon, his filings demonstrate that he has been able to get help from other inmates, and the motion to dismiss does not raise difficult issues that would require appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for extension of time to respond to respondent's motion to dismiss (ECF No. 42) is denied.

2. Petitioner's motion for appointment of counsel (ECF No. 42) is denied.

IT IS FURTHER RECOMMENDED that petitioner's motion for a temporary restraining order (ECF No. 38) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 21, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE