UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO E. HERRERA, | No. 2:14-cv-2939 KJM AC P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, has filed a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 19.  Pending before the court is respondent's motion to dismiss.  ECF No. 29.

I.  Factual and Procedural Background

On February 2, 1981, petitioner was convicted of voluntary manslaughter and second degree murder.  ECF No. 19 at 8.  He was sentenced to a six-year prison term for the voluntary manslaughter conviction and an indeterminate prison term of fifteen years to life for the second degree murder conviction.  Id.

On August 10, 2014,[1] petitioner filed the original petition in this case.  The original

---

[1] Since petitioner is proceeding pro se, he is afforded the benefit of the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

1

1  petition was dismissed with leave to amend (ECF No. 14), and on April 24, 2015, petitioner filed
2  a first amended petition in which he alleges that he was denied parole at parole board hearings on
3  March 17, 2009, and April 3, 2012.  Id. at 10-11.  Petitioner claims that he was neither present nor
4  given an opportunity to be heard at either hearing.  Id. 10-12.  Although not labeled as a ground
5  for relief, petitioner also appears to allege that the parole board's decisions to deny him parole
6  were not supported by "some evidence."  Id. at 14-15.
7          On May 6, 2015, the court screened the petition and found that to the extent petitioner was
8  seeking relief based upon the evidentiary basis for the state parole board's decision, the claim was
9  not cognizable.  ECF No. 21 at 1 n.1 (citing Swarthout v. Cooke, 562 U.S. 216, 219-20 (2011);
10 Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011)).  Respondent was ordered to respond to
11 the remainder of the petition.  Id. at 1-2.
12         On August 7, 2015, respondent filed a motion to dismiss the petition on the grounds that it
13 fails to state a cognizable federal claim and that it was filed outside the one-year statute of
14 limitations.  ECF No. 29.  Petitioner was granted two extensions of time to respond to the motion,
15 resulting in petitioner having approximately five months to file his response.  ECF Nos. 33, 35.
16 In granting the second request for extension, the court warned petitioner that further extensions
17 would not be granted absent a showing of extraordinary cause.  ECF No. 35.  Shortly before the
18 expiration of petitioner's time to respond to the motion to dismiss, he sought a third extension of
19 time.  ECF No. 42.  The request was denied for failure to show extraordinary cause and the
20 motion to dismiss was deemed submitted.  ECF No. 43 at 3.  On January 31, 2016, petitioner filed
21 objections to the court's findings and recommendation in which it was recommended that his
22 motion for temporary restraining order be denied.  ECF No. 44.  In addition to objecting to the
23 findings and recommendations, the objections reiterate the allegations in the petition but do not
24 appear to otherwise address the motion to dismiss.  Id. at 2.
25     II.     State Court Habeas Petitions
26         The parties have provided limited information regarding petitioner's state habeas
27 petitions.  As part of his first amended petition, petitioner provides a copy of the California
28 Supreme Court's denial of his habeas petition in case number S223913 (ECF No. 19 at 4), but

does not provide a copy of the petition being denied. In the motion to dismiss, respondent does not provide any further information on case number S223913, but provides a copy of petitioner's state petition in California Supreme Court case number S207810 (ECF No. 29-1 at 42-49) and a copy of the case docket showing the petition was denied (id. at 51). As a result, the majority of the information regarding petitioner's state habeas petitions has been gathered from the online docketing systems for the California Courts of Appeal and California Supreme Court.[2]

### A. California Court of Appeal Petition

A review of the docketing system for the California Courts of Appeal reveals a single habeas petition, filed by petitioner in the Second Appellate District, which could be related to one of his parole board denials.[3] The petition was assigned case number B223325 and was filed by the court on March 29, 2010, and denied on April 8, 2010.[4]

### B. California Supreme Court Petitions

Review of the docketing system for the California Supreme Court shows that petitioner filed five habeas petitions, including the two identified by petitioner and respondent, that could be related to one, or both, of petitioner's parole denials.

The petition in case number S179021 was filed by the court on December 24, 2009, and denied on June 17, 2010.[5]

The petition in case number S192849 was filed by the court on May 3, 2011, and denied on September 28, 2011.[6]

---

[2] This court may take judicial notice of the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (citing United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned)).

[3] All other cases initiated by petitioner were filed and decided prior to the March 17, 2009 denial.

[4] Docket for case number B223325 available at: http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=1938478&doc_no=B223325.

[5] Docket for case number S179021 available at: http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1929831&doc_no=S179021.

[6] Docket for case number S192849 available at: http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1978489&doc_no=S192849.

The petition in case number S198457 was filed by the court on December 5, 2011, and denied by the court on March 28, 2012.[7]

The petition in case number S207810 (Herrera I) was filed by the court on January 4, 2013, and denied by the court on March 13, 2013.[8]  The petition was signed by petitioner on November 15, 2012, and addressed both the March 17, 2009 and April 3, 2012 parole denials. ECF No. 29-1 at 44, 48.

The petition in case number S223913 (Herrera II) was filed by the court on January 20, 2015, and denied on March 25, 2015.[9]  The court denied the petition with citations to the following cases: In re Clark, 5 Cal. 4th 750, 797-98 (Cal. 1993); People v. Duvall, 9 Cal. 4th 464, 474 (Cal. 1995); In re Dixon, 41 Cal. 2d 756, 759 (Cal. 1953); In re Lindley, 29 Cal. 2d 709, 723 (Cal. 1947); and In re Miller, 17 Cal. 2d 734, 735 (Cal. 1941).  ECF No. 19 at 4.

III.  Lack of Jurisdiction

Relying on Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015), respondent argues that this court lacks jurisdiction because petitioner's success on his procedural due process claims would not necessarily result in a speedier release.  ECF No. 29 at 2-3.  However, since the filing of the motion to dismiss, the Ninth Circuit has ordered an en banc rehearing of Nettles, and the opinion is no longer precedential.

Prior to Nettles, inmates could challenge aspects of their parole review under the federal habeas statute where success "*could* potentially affect the duration of their confinement."  Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) (emphasis in original).  In this case, petitioner's success would mean a new parole hearing at which he has the opportunity to be heard.  Since a

---

[7] Docket for case number S198457 available at:
http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1998986&doc_no=S198457.

[8] Docket for case number S207810 available at:
http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2034472&doc_no=S207810.

[9] Docket for case number S223913 available at:
http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2098318&doc_no=S223913.

new hearing *could* potentially affect the duration of petitioner's confinement, this court has jurisdiction.

IV.     Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from one of several alternative triggering dates. See 28 U.S.C. § 2244(d)(1). In this case, the applicable date is that "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); see also Redd v. McGrath, 343 F.3d 1007, 1085 (9th Cir. 2003). When a petition challenges a parole board decision, the date the statute of limitations begins to run is the day after the parole board's decision became final. Redd, 343 F.3d at 1082 (finding AEDPA's statute of limitations began to run the day after the parole board denied petitioner's administrative appeal).

Respondent does not address when the decision from petitioner's March 17, 2009 hearing became final, but argues that the board's April 3, 2012 decision to deny petitioner's parole became final 120 days later on August 1, 2012. ECF No. 29 at 4. The California Code of Regulations provides that, unless a new hearing is ordered during review, *any* proposed decision from a parole consideration hearing becomes final within 120 days of the hearing.[10] Cal. Code Regs. tit. 15, § 2041(a), (f), (h) (2016).[11] Since petitioner does not allege that a new hearing was ordered in either instance, the March 17, 2009 denial became final on July 15, 2009, and the April 3, 2012 denial became final on August 1, 2012.

A.     Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C.

---

[10] Respondent cites to California Penal Code § 3041(b) for the applicable timeframe (ECF No. 29 at 4), but § 3041(b) states that "any decision of the parole panel finding an inmate *suitable* for parole shall become final within 120 days of the date of the hearing." (Emphasis added). Since petitioner was not found suitable for parole at either hearing, § 3041(b) is inapplicable.
[11] Citation to the current version of the regulation means that the last amendment to the regulation occurred prior to petitioner's March 17, 2009 hearing.

§ 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (emphasis omitted). "An untimely petition, however, is not 'properly filed' pursuant to 28 U.S.C. § 2244(d)(2), and so it does not toll the statute of limitation." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007)). "The statute of limitations is not tolled from the time when a direct state appeal becomes final to the time when the first state habeas petition is filed because there is nothing 'pending' during that interval." Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012) (citing Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

"Under California's unusual system of independent collateral review, a prisoner seeks review of a lower court's denial of relief by filing an original petition for habeas corpus in the reviewing court." Banjo, 614 F.3d at 968 (citing Evans v. Chavis, 546 U.S. 189, 192-93 (2006); Waldrip v. Hall, 548 F.3d 729, 734 (9th Cir. 2008)). To be timely, a petition must be "filed within a 'reasonable time.'" Id. Therefore, in California, "collateral review is considered to be pending during the interim between a writ being denied at one court level and a new petition being filed at the next higher court level as long as the petition at the next level is filed within a reasonable period of time." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citing Carey v. Saffold, 536 U.S. 214, 222-25 (2002); Evans, 546 U.S. at 192-93)). Absent clear direction from the state courts, this court must determine whether a state court petition was timely filed. Banjo, 614 F.3d at 968 (citing Evans, 546 U.S. at 198). A decision on the merits or without comment does not necessarily mean a petition was timely, but a determination that a petition was untimely is dispositive. Id. (citations omitted).

Additionally, "[o]nly the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled." Id. (citing Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)). A new petition filed at the same level or a lower level constitutes a separate round or collateral attack. Stancle v. Clay, 692 F.3d 948, 956 (9th Cir. 2012) (quoting Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003)). To determine if a subsequent petition at the next level is part of the same round of

1 collateral attack, the court looks to see whether the second petition is an elaboration of the claims
2 in the first petition. Id. at 969 (citing King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003)). The
3 petitions are part of the same round of collateral attack if the second petition attempts to correct
4 deficiencies in the first. Id. (citations omitted). If the petitions are unrelated, the second petition
5 constitutes a new round. Id. "For tolling to be applied based on a second round, the petition
6 cannot be untimely or an improper successive petition." Porter, 620 F.3d at 959.

       B.    Discussion

8 Respondent provides evidence that petitioner filed a habeas petition with the California
9 Supreme Court on November 15, 2012 (Herrera I), and that the petition was denied on March 13,
10 2013. ECF No. 29 at 4; ECF No. 29-1 at 42-49, 51. He argues that the state petition does not toll
11 the statute of limitations as it relates to the April 3, 2012 denial of parole, and that even if it did,
12 the federal petition would still be untimely. ECF No. 29 at 4. Respondent makes no argument
13 regarding the March 17, 2009 denial of parole. He also fails to address the March 25, 2015 order
14 in Herrera II that denied habeas relief and was attached to the first amended petition (ECF No. 19
15 at 4). However, as set forth below, despite respondent's failure to address these matters, the
16 record evidence shows that the petition is untimely as to both the March 17, 2009 and April 3,
17 2012 parole denials.

18 Petitioner's March 17, 2009 parole denial became final on July 15, 2009, making the
19 deadline to file a federal habeas petition related to that denial July 15, 2010. The April 3, 2012
20 denial became final on August 1, 2012, making the deadline for filing a federal petition related to
21 that denial August 1, 2013. Since the original petition in this case was filed August 10, 2014
22 (ECF No. 1 at 2), it was filed over four years after the deadline to file a petition on the 2009
23 denial and over a year after the deadline for filing a petition related to the 2012 denial. Without
24 tolling, the petition is untimely as to both denials.

25 As respondent correctly points out, the time between the conclusion of Herrera I and the
26 initiation of the federal petition is 515 days. This means that even if petitioner could show that
27 his previous habeas petitions in the court of appeal and California Supreme Court could somehow
28 be combined to toll the statute of limitations for both denials through the conclusion of Herrera I,

7

the federal petition would still be untimely because the gap between the conclusion of Herrera I and the filing of the federal petition exceeded one year. Therefore, the only way statutory tolling makes the federal petition timely is if petitioner is entitled to tolling through the initiation of Herrera II.

Respondent has provided a copy of the petition in Herrera I, which shows that the petition challenged the 2009 and 2012 parole board denials on the same grounds that petitioner alleges in the federal petition. ECF No. 29-1 at 42-49. Specifically, Herrera I alleged that petitioner was denied procedural due process when he was not given an opportunity to be heard at the hearings. If the petition in Herrera II constituted a new round of collateral attack, rather than a continuation of Herrera I, it will not make the federal petition timely because the time between separate rounds of collateral attack is not tolled. Banjo, 614 F.3d at 968 (citing Biggs, 339 F.3d at 1048). In this scenario, the time Herrera II was pending also does nothing to help petitioner because state habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to tolling where the limitations period has already run). If the petition in Herrera II was attempting to fix deficiencies in the petition in Herrera I, however, Herrera II might arguably be considered a continuation of Herrera I, potentially entitling petitioner to gap tolling.

The docket report in Herrera I shows the petition as being denied with citation to People v. Duvall, 9 Cal. 4th 464, 474 (Cal. 1995), and In re Swain, 34 Cal. 2d 300, 304 (Cal. 1949). Citation to Duvall and Swain indicates that the petition was dismissed without prejudice for failure to allege facts with sufficient particularity. Cross, 676 F.3d at 1177. If that was in fact the case, then Herrera II could potentially have been an attempt at amendment and continuation of Herrera I. Unfortunately for petitioner, even if this is the case, he will not be entitled to tolling of the time between the conclusion of Herrera I and the initiation of Herrera II because of the significant amount of time that passed between the two. Herrera I was denied on March 13, 2013, and Herrera II was not filed until January 20, 2015, about twenty-two months later. An

unexplained twenty-two month delay is significantly longer than the six-month delay the Supreme Court found to be unreasonable in Evans v. Chavis. 546 U.S. at 201; see also Banjo, 614 F.3d at 970 (146 day delay unreasonable).

### C. Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pacific Enters., 5 F.3d 391, 395 (9th Cir. 1993).

Petitioner makes no argument as to why he waited so long before filing his federal petition for writ of habeas corpus. Furthermore, after reviewing the petition, this court finds no extraordinary circumstances present. Though petitioner alleges that he is illiterate, disabled, and untrained in the law, the petition states that these limitations have resulted in his petitions being denied, not in an inability to pursue habeas relief. ECF No. 19 at 1. Moreover, petitioner's other filings allege only that his limitations have required him to rely on other inmates while simultaneously demonstrating his ability to obtain assistance from other inmates. This is insufficient to support equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Martinez v. Ryan, 133 F. App'x 382, 383 (9th Cir. 2005) (limited education, reliance on other prisoners to file petition, and lack of access to legal materials and assistance due to custody status do not constitute extraordinary circumstances); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause).

Petitioner's allegations that staff are harassing him also fail to demonstrate grounds for

equitable tolling because petitioner alleges that the harassment began after the filing of the instant petition and that corrections staff are threatening to transfer him after the conclusion of this case, not that they prevented him filing a timely habeas petition.[12]  Further, because petitioner did not oppose respondent's motion to dismiss, he did not present an argument in support of equitable tolling in that context.  Accordingly, the court finds no basis for equitable tolling of the statute of limitations in this case.

D.     Conclusion

The instant petition is untimely absent tolling of the statute of limitations.  As set forth above, statutory tolling will not make the petition timely and petitioner has made no argument regarding equitable tolling.  The motion to dismiss the petition as untimely should therefore be granted.

V.     Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.  Therefore, no certificate of appealability should issue.

VI.    Summary

Respondent's motion to dismiss the petition as untimely should be granted because petitioner waited more than a year to file his federal habeas petition, his state petitions did not extend that deadline, and he has not shown that he did not show that he was prevented from filing a timely petition.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the petition (ECF No. 29) be granted and petitioner's application for a writ of habeas corpus be denied as untimely.

---

[12] Petitioner also does not allege that they have interfered with his ability to proceed in this case.

    2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. **Due to exigencies in the court's calendar, no extensions of time will be granted.** The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 29, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE